UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | EDCV 26-2496-AS | Date | September 3, 2026 |
| Title | Gevorg Hakobyan v. Fereti Semaia, et al. | | |

| | |
|---|---|
| Present: The Honorable | Alka Sagar, United States Magistrate Judge |

| | |
|---|---|
| Alma Felix | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings (In Chambers):** **ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFS**

On May 11, 2026, Gevorg Hakobyan ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: Fereti Semaia, the Warden of the United States Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Todd Lyons, Acting ICE Director; the Field Officer Director for Los Angeles ICE Enforcement and Removal Operations; and Does 1-10 (collectively "Respondents"). (Docket ("Dkt.") No. 1). The Petition alleges Petitioner is being detained in violation of due process of law and seeks Petitioner's immediate release from custody. (Petition, ¶¶ 48-67).

On May 18, 2026, Respondents filed an Answer to the Petition contending that Petitioner "has not shown that Respondents lack the authority to detain him" and, in any event, the proper remedy is a bond hearing pursuant to 8 U.S.C. § 1226(a) and not release. (Dkt. No. 6). Petitioner filed a Reply on May 21, 2026. (Dkt. No. 8).

The Petition asserts Petitioner is a native and citizen of Armenia who lawfully entered the United States on November 23, 2016, pursuant to a B-2 visitor's visa. (Petition, ¶¶ 8-9, 16 & Exh. C). Petitioner subsequently filed an application for asylum and remains in ongoing removal proceedings and, on May 5, 2026, ICE detained Petitioner when he appeared as directed for an immigration interview. (Petition, ¶¶ 10, 19-20, 22-23). Petitioner argues, among other things, that "[c]ourts within this Circuit have repeatedly held that noncitizens released from custody possess a constitutionally protected liberty interest in remaining free from detention absent constitutionally adequate process" and that "[n]umerous courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | EDCV 26-2496-AS | Date | September 3, 2026 |
| Title | Gevorg Hakobyan v. Fereti Semaia, et al. | | |

within the Central District of California have concluded that re-detention without a pre-deprivation hearing violates due process and warrants immediate release." (Petition, ¶¶ 42, 44). However, given the scant factual allegations made in the Petition and lack of relevant supporting documentation, it is unclear whether these arguments pertain to Petitioner. That is, it is unclear whether Petitioner has previously been "released from custody" and whether his May 5, 2026 detention amounts to a "re-detention."

A clearer record may aid the Court in determining what process is due here. Accordingly, to facilitate a resolution of this matter, the parties are ORDERED to file supplemental briefs, by no later than **September 10, 2026**, clarifying the factual basis for Petitioner's due process claims, particularly whether Petitioner has previously been detained and paroled or released into the United States and providing relevant supporting documentation, including, at least, any Notice to Appear related to Petitioner and any Order of Supervision or other order pertaining to Petitioner's release into the United States as well as any other documentation necessary to properly consider Petitioner's claims.

IT IS SO ORDERED.

0 : 00

Initials of Preparer AF